[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff City of New Haven for and on behalf of the New Haven Board of Education on October 26, 2001 took by eminent domain three parcels of real property known as 144 James Street, 148 James Street and a .21 parcel of vacant land situated behind the property and used for parking and storage by the defendants Alan J. Spose and David D. Spose for the total sum of $486,000. The defendants appealed claiming that the plaintiffs assessment of damage was inadequate.
"The owner of land taken by condemnation is entitled to be paid just compensation. . . . Conn. Const., art. I, § 11. The amount that constitutes just compensation is the market value of the condemned property when put to its highest and best use at the time of the taking. In determining market value, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land. . . . The fair market value is the price that a willing buyer would pay a willing seller based on the highest and best possible use of the land assuming, of course, that a market exists for such optimum use. The highest and best use concept, chiefly employed as a starting point in estimating the value of real estate by appraisers, has to do with the use which will most likely produce the highest market value, greatest financial return, or the most profit from the use of a particular piece of real estate." (Internal quotation and citation omitted) Robinson v. Westport, 222 Conn. 402, 405-6 (1992).
There is a substantial difference between the plaintiffs appraisal (Amodio) of the value of the property in the amount of $486,000 and the defendant's appraisal (Amadon) in the amount of $625,000. One of the major differences between the two appraisals was the treatment of the second and third floors of 148 James Street. Up until ten years ago, the floors were used for residential purposes. Although residential use was prohibited under zoning regulation, that use is permitted under the regulations as a nonconforming use. Based upon the claim that the CT Page 15488 nonconforming used was abandoned, Amodio valued the second and third floors as storage space.
The defendant, David Spose testified that was never his intention to abandon this nonconforming use. The zoning regulations clearly provide that "[t]he term abandonment as used herein, shall mean the voluntary discontinuation of a use when accompanied by an intent not to reestablish such use . . ." Section 67.C61(b), New Haven Zoning Code. Indeed, as of the date of condemnation, the defendant taxed the second and third floors as if it was being used for residential purposes. The defendant cannot have it both ways. Surely, in this case the willing seller and buyer would take into account that for the nominal expenditure of $36,000 the second and third floors of 148 James Street could be renovated and rented for residential purposes. Greene v. Burns, 221 Conn. 736,745 (1992).
The second major difference between the Amodio appraisal and the Amadon appraisal is the recent (May 14, 2001) comparable sale of 360 James Street in the amount of $1,200,000 or $41.64 per square foot. Both appraisers used the sale as a comparable but tinkered with the per square foot valuation. The plaintiffs appraiser tinkered a little too much and the defendants' appraiser not enough.
Taking into consideration all the comparables used by both appraisers, including 360 James Street, the court is of the opinion that market value of industrial/office portion of the buildings including the vacant parcel used for parking should be valued at $37.00 per square foot. There are a total of 13,278 square feet on the first floor of both buildings and the court concludes that those portions have a fair market value of $491,286 or rounded to $491,000.
Amodio's appraisal of the second and third floors that assigned a nominal value of $5.00 per square foot is not credible and must be rejected. The court accepts sales comparison appraisal done by Amadon for the second and third floors finding a value of $261,450 and the court will deduct the estimated $36,000 cost for renovation of these floors.
In sum, the court finds that as of the date of taking the fair market value is $491,000 for the first floors of both buildings including all the land, plus $261,450 for the second and third floors less $36,000 for estimated renovation costs, in all $788,450.[1] Accordingly, the total damages awarded to the defendants Alan J. Spose and David D. Spose are $788,450 less $486,000 deposited with the clerk, in all $302,450 plus interest at the rate of eight percent per annum from October 26, 2001, the date of taking and taxable costs. CT Page 15489 ___________________ Robert I. Berdon, Judge Trial Referee